FREIBERG and others, Respondents, vs. LE CLAIR, Appellant.

*November 8 — November 25, 1890.*

*Vacating judgment: Power of court commissioner: Waiver of irregularities.*

1. Under secs. 2815, 2832, R. S., a court commissioner has power to set aside a judgment by default and permit an answer to be interposed.
2. A judgment by default being set aside by the order of a court commissioner, and the defendant allowed to answer on payment of $20 to plaintiff's attorneys, the retention of the $20 so paid was a waiver of any irregularities in the proceedings to obtain the order. [Whether it is a waiver of the right to have the order reviewed by the court, not determined.]

APPEAL from the Circuit Court for *Ashland* County.

Action to recover the purchase price of goods sold and delivered. A judgment against the defendant by default was vacated by a court commissioner. This appeal is from an order of the court setting aside the order of the court commissioner.

For the appellant there was a brief by *Sleight & Foster*, and oral argument by *Richard Sleight*.

For the respondents there was a brief by *McNeel & Bushnell*, and oral argument by *T. H. Bushnell*.

Cole, C. J. Had the court commissioner power, under sec. 2832, R. S., to relieve the defendant by vacating the judgment which had been entered against him by default? It appears to us this question must be answered in the affirmative, under the provisions of the statute. Sec. 2832 provides that "the court, or a judge, may likewise, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment or order against him through his mistake, surprise, or excusable neglect." The application for relief was made here soon after the judgment was entered, and was therefore in time. But it is said the commissioner had no authority to vacate a judgment of the circuit court. That the circuit judge at chambers might have set aside the judgment on a proper showing would probably not be denied. True, the powers of a circuit judge at chambers, under our constitution and statutes, are not very clearly defined, but we have no doubt they include the authority to vacate a judgment in a case covered by sec. 2832. Such, we believe, has been the practice and the understanding of the profession in that regard. Now, sec. 2815 in effect enacts that where the statutes authorize an order or proceeding to be made or taken by the court it must be done by the court in session; where by the court or a presiding judge thereof, no county judge or court commissioner can act. But, except as so provided or otherwise expressly directed in particular instances, a county judge or court commissioner may exercise within his county the powers, and shall be subject to the restrictions thereon, of a circuit judge at chambers, according to existing practice and the statutes, in all actions or proceedings in courts of record. It is impossible to mistake the intent or effect of these provisions. They plainly confer upon a court commissioner, within his county, the powers of a circuit judge at chambers over all actions and proceedings in courts of record, except where it is otherwise

expressly directed. Now, it will be observed that the power conferred by sec. 2832 to set aside a judgment of a circuit court is not restricted to a court in session, nor to the "presiding judge thereof." The language is general; the court or "a judge" may exercise the power, so the restriction specified in sec. 2815 does not apply. It logically follows from these enactments that the court commissioner had the power to make the order he did.

The order provided that the default be opened and the defendant be allowed to file and serve his answer and the special answer to the affidavit for an attachment within ten days from the date of the order; also on the further condition of paying the plaintiffs' attorneys $20 within ten days. The answers were served upon the plaintiffs' attorneys, and the $20 was paid them, and both the answers and money were retained. The plaintiffs subsequently moved the circuit court to vacate the order of the commissioner, which motion was granted, but without prejudice to the right of the defendant to move to set the judgment aside on another application. We think the circuit court erred in setting aside the order of the commissioner. We have held that the commissioner had power to make the order setting aside the judgment, and the power was wisely exercised, in view of the matters contained in the affidavits which were used on the motion, and which showed a clear case of excusable neglect. The receipt by plaintiffs' attorneys of the $20 would cure any irregularity in the proceedings before the commissioner, if there were any, while the case made fully justified the commissioner in making the order opening the default. It is not necessary to determine on this appeal whether, by retaining the $20, the plaintiffs waived the right to have the order of the commissioner reviewed by the circuit court; they certainly must be deemed to have waived any irregularity in the proceeding to obtain the order, if any had intervened. But the application of the

defendant to open the default should have been granted on the merits, because it was clearly just and right to grant it upon the facts shown. We do not comment on or notice the decisions in this court where the power of a court commissioner has been considered, because they are not deemed applicable to the case before us.

It follows from these views that the order of the circuit court must be reversed, and the case remanded for further proceedings according to law.

*By the Court.*— It is so ordered.